UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LUNA,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-00822-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 54] |

Plaintiff William Luna is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 22, 2015, Plaintiff filed a motion for the appointment of counsel. Plaintiff seeks appointment of counsel because his imprisonment limits his ability to litigate this action, he has limited access to the law library and limited knowledge of the law, and he will be required to attend and answer questions posed to him at a deposition hearing.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court finds Plaintiff's reasons for requesting appointment of counsel indistinguishable from the reasons asserted by most prisoners. Circumstances common to most prisoners, such as lack of legal education and limited law library access do not present extraordinary circumstances that would warrant a request for voluntary assistance of counsel. In addition, this action is proceeding on Plaintiff's second amended complaint against Defendants G. Stratton, J. Crabtree, S. Pina, J.C. Musselman, A. Pacillas, B. Banks-Graves, J. Ortega, and L. Wallace for a due process violation, and the issues in this case are not complex. At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 23, 2015**

UNITED STATES MAGISTRATE JUDGE