UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LUNA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-00822-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 56] |

Plaintiff William Luna is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's due process claim relating to the gang validation process against Defendants Stratton, Crabtree, Pina, Musselman, Pacillas, Banks-Graves, Ortega, and Wallace.

On November 16, 2015, Plaintiff filed a motion to compel. (ECF No. 56.) Defendants filed an opposition on November 24, 2015, and Plaintiff filed a reply on December 28, 2015. (ECF Nos. 59, 63.) Pursuant to Local Rule 230(*l*), the motion is deemed submitted.

Plaintiff objects and moves to compel further responses to his second request for production of documents, served on August 11, 2015. Plaintiff also seeks sanctions in the amount of $50.00

///

///

1

# I.

# DISCUSSION

### A. Legal Standard

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1), (c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 52, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.     Motion to Compel**

1.     Requests for Production of Documents

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL

309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

Because the parties assert the same arguments in support of their respective positions as to each Request for Production, and the Court's ruling applies equally to all of Plaintiff's requests for production of documents, the Court will not rule on each individual request but will rule on the requests as a whole.

### a.    Request for Production No. 1

"Notes disclosed on 5-8-06 (confidential memo dated 9-22-04) which allegedly identifies a mail drop that is used to send monies and communicate with Mexican Mafia members and is directly linked to Luna (plaintiff)."

**Response:** Defendants object to this request as vague as to "notes," vague as to documents being requested, and calling for the production of documents protected from disclosure by California Code of Regulations, Title 15, § 3321 and § 3370, and the official information privilege, because these documents, if released, would jeopardize the safety and security of institutional staff, inmates, or the public. *See* Attached Privilege Log.

### b.    Request for Production No. 2

"Note disclosed on 5-8-06 (confidential memo dated 3-5-05) which allegedly was authored by Luna (plaintiff) and instructs another inmate to contact an EME member at Pelican Bay State Prison regarding activities at CSP-Cal and gives the name, number and address of another EME member at P.B.S.P."

**Response:** Defendants object to this request as vague as to "note" and calling for the production of documents from disclosure by California Code of Regulations, Title 15, § 3321 and § 3370, and the official information privilege, because these documents, if released, would jeopardize the safety and security of institutional staff, inmates, or the public. *See* Attached Privilege Log.

///
///

  **c.**  <u>**Request for Production No. 3**</u>

"Letter disclosed on 5-8-06 (128B dated 4-24-06) written by Luna (Plaintiff) in which Defendants allege was communication between Plaintiff and Michael Jurado, an alleged member of the Mexican Mafia."

**Response:** Defendants object to this request as premised on facts which are not true and calling for the production of documents protected from disclosure by California Code of Regulations, Title 15, § 3321 and § 3370, and the official information privilege, because these documents, if released, would jeopardize the safety and security of institutional staff, inmates, or the public. *See* Attached Privilege Log.

  **d.**  <u>**Request for Production No. 4**</u>

"Note disclosed on 8-1-12 (confidential memo dated 11-20-09) in which defendant L. Wallace alleges the notes disclosed information that Luna (Plaintiff) was a secretary who corresponds and/or routes money and/or communications for an EME Member housed at Pelican Bay State Prison."

**Response:** Defendants object to this request as vague as to "note," vague as to the documents being requested, and calling for the production of documents protected from disclosure by California Code of Regulations, Title 15, § 3321 and § 3370, and the official information privilege, because these documents, if released, would jeopardize the safety and security of institutional staff, inmates, or the public. *See* Attached Privilege Log.

  **e.**  <u>**Request for Production No. 5**</u>

"Interview disclosed on 8-1-12 (confidential memo dated 6-21-11) by Defendant J. Ortega in which a debriefer alleges that Luna (Plaintiff) is a member of the MESA on behalf of two validated EME members housed at Corcoran. It is alleged that Luna was using sign language to pass EME related message through his back cell window to a validated member the EME."

**Response:** Defendants object to this request as vague as to the documents sought, not a request for documents, and calling for the production of documents protected from disclosure by California Code of Regulations, Title 15, § 3321 and § 3370, and the official information privilege, because these documents, if released, would jeopardize the safety and security of institutional staff, inmates, or the public. *See* Attached Privilege Log.

**Analysis and Ruling on Requests for Productions Numbers 1 through 5:**

Plaintiff argues that Defendants' objection on privilege grounds "has no merit" and is "frivolous." (ECF No. 56, Mot. at 3-4.) Plaintiff contends that because some of the documents are authored by him or concern him in some way that is sufficient to waive the privilege specifically listed in California law.

Defendants argue that section 3321 of the California Code of Regulations makes confidential "information which, if known to the inmate, would endanger the safety of any person" or "would jeopardize the security of the institution." Cal. Code Regs., tit. 15, § 3321(a)(1)-(2). Section 3370 prohibits any inmate from accessing information designated confidential pursuant to section 3321 in or from that inmate's own case records file, and it prohibits inmates from accessing any information from another inmate's case records file. Id. at 3370. Defendants submit that Plaintiff has failed to meet his burden in demonstrating any alleged waiver or that Defendants' objections lack merit.

In support of their opposition to Plaintiff's motion to compel, Defendants submit the declaration of M. Lujan, Litigation Coordinator at the Office of Correctional Safety. (ECF No. 59-1.) Mr. Lujan declares the following, in pertinent part:

> My job duties include providing expert consultation on a variety of highly sensitive and complex issues including those related to Security Threat Groups (previously known as prison gangs). Additionally, I am tasked with organizing and maintaining extensive confidential information and records, including documentation used for purposes of validating inmate gang members and associates.
>
> Prison gangs are a significant threat to the safety and security of institutional staff, inmates, and the general public. They are highly sophisticated, complex criminal organizations that are responsible for a wide variety of criminal activity, including murders, assaults, extortion, and drug trafficking, both inside and outside prison grounds. A gang member is an individual who has been accepted into the membership of the gang by the gang leadership. A gang associate is an individual who carries out orders and does footwork for the gang, but who has not been admitted into membership. Prison gang activity by gang members and associates poses one of the greatest threats to institutional security at PBSP.
>
> Because their ability to interact with other inmates is limited, gang members in the SHU have used the mail system as a primary means to communicate and facilitate gang activity. They send coded and hidden messages to intermediaries outside the prison, such as family members or friends, for delivery to other inmates or affiliates on the streets. It is not uncommon for family members to be unaware that they are passing

> along gang-related communications. Coded and covert messages may be hidden in the text of letters, in drawings, or in photos.
>
> Written communications between gang members and associates are commonly used as source items to validate inmates as active gang affiliates. Pursuant to Title 15 of the California Code of Regulations, gang investigators are instructed to document and disclose the information found within these communications to the inmate under investigation in a written form that would not jeopardize the safety of any person or the security of the institution. The actual communications themselves cannot be disclosed because inmates could use contextual information regarding each specific note to identify the inmate in whose possession the note was found, which could lead to violent reprisals against that inmate. Disclosure of the communications would also jeopardize the safety and security of the institution because it would allow inmates to circulate notes that were intercepted by correctional staff.
>
> The release of a confidential informant debriefing report or other source materials supporting a gang validation would pose a serious threat to the safety and security of the institution and the personal safety of the informant. Debriefing reports are confidential memoranda that are kept in the confidential section of the central files of those inmates who have debriefed. Among other information, a debriefing report contains details regarding inmate gang activity, active gang affiliates, and the identity of confidential informants. If another inmate were to learn the name and CDCR number of a confidential informant, or any other information that could lead to the discovery of the informant's identity, it would place the informant in physical danger. As a result, disclosure of debriefing reports and other source materials to Plaintiff would create a hazard to the safety and security of institutional staff and other inmates. Furthermore, because debriefing reports are stored in other affected inmates' central files, disclosure of this information to Plaintiff would violate those inmates' privacy and potentially place them in danger as well.

(ECF No. 59-1, Declaration of M. Lujan at 1-3.)

Based on the declaration of M. Lujan, it is clear that Plaintiff's requests for production of documents seek information that is confidential. A validated gang member, such as Plaintiff, in this case is entitled and received a CDC Form 1030 (Confidential Information Disclosure Form) which includes the fact that the information came from a confidential source and disclosure of as much information as can be disclosed without identifying its source including an evaluation of the source's reliability; a brief statement of the reason for the conclusion reached; and a statement of reason why the information or source is not disclosed. Cal. Code Regs., tit. 15, § 3321(b)(3)(A), (B). As evidenced by the allegations in Plaintiff's second amended complaint, Plaintiff received such

7

documentation.[1] (See ECF No. 2nd Amd. Compl. at 9-12.) Even if Plaintiff authored some of the documentation, Plaintiff is not entitled to production of confidential memoranda because, as explained by M. Luna, disclosure of such information would pose a threat to the safety and security of institutional staff, inmates, or the public. Plaintiff is advised that the Court can and will review any relevant confidential documentation in camera if necessary to properly address his due process claim. Accordingly, Plaintiff's motion to compel production of such documentation is DENIED. Because Plaintiff's motion to compel, there is no basis to impose a monetary sanction of $50.00 on Defendants, and Plaintiff's request is DENIED.

## II.
## ORDER

Based on the foregoing, Plaintiff's motion to compel and for sanctions is DENIED in all respects.

IT IS SO ORDERED.

Dated: **January 4, 2016**

UNITED STATES MAGISTRATE JUDGE

---

[1] The fact that Plaintiff challenges the validity of the information referenced in the CDC-1030 Form does not entitle him to a copy of such confidential documentation.